COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued by teleconference


JIMARIS S. JENNINGS

                                    MEMORANDUM OPINION* BY
v.    Record No. 2848-00-2      JUDGE JERE M. H. WILLIS, JR.
                                       DECEMBER 4, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     James B. Wilkinson, Judge

            Maureen L. White for appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Randolph A. Beales, Acting
            Attorney General, on brief), for appellee.


     Jimaris S. Jennings was convicted on his guilty plea of

possession of cocaine with intent to distribute.  On appeal, he

contends that the trial court erred by inducing his guilty plea in

violation of his rights under the Sixth and Fourteenth Amendments

to the United States Constitution and Article I, §§ 8 and 11 of

the Constitution of Virginia.  Rule 5A:18 bars our consideration

of this issue.  Therefore, we affirm the judgment of the trial

court.

     On June 12, 2000, Jennings was indicted for possession of

cocaine with intent to distribute.  His case was scheduled for a

jury trial on August 30, 2000.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Jennings had been convicted in the trial court on April 19, 1999 of possession of cocaine and was sentenced to five years confinement, suspended on condition of his good behavior. A rule was issued against him, requiring that he show cause why the suspension of his 1999 sentence should not be revoked as a result of the circumstances underlying the current possession of cocaine with intent to distribute charge. Hearing on that rule was also scheduled for August 30, 2000.

Jennings was represented by the same counsel with respect to both the possession of cocaine with intent to distribute charge and the rule. With his express consent, the trial court first heard evidence on the rule. Finding the evidence sufficient, the trial court revoked the suspension of the April 19, 1999 sentence. Jennings does not challenge that ruling.

The trial court announced its readiness to go forward with trial on the possession of cocaine with intent to distribute charge. Jennings asked for a short delay in order that he and his attorney might confer with the Commonwealth's attorney. A sidebar at the bench ensued. That sidebar is not reported, either in the transcript of the proceedings or by a certified statement of facts. See Rule 5A:8(c). At the conclusion of the sidebar, the trial court announced on the record:

> I tell you what I will do, I will withhold the sentencing on the show cause order. You plead guilty to the present indictment and we will refer your case to the probation department for a report and for special

-

> programs, boot camp if you want to go and
> the other one which is up in Fredericksburg.
> I am not bargaining with you.  I'm not
> forcing you.  I'm telling you what the Court
> is willing to do.
>
>   *      *      *      *      *      *      *
>
> If you want to do that, okay.  If you don't
> you can serve the five years plus.  That's
> up to you.

Jennings then pleaded guilty to the possession of cocaine with intent to distribute charge.  Upon stipulation of the evidence previously received in the hearing on the rule, the trial court imposed the conviction on appeal.  It dismissed the rule.

At no point during the proceedings did Jennings object to the proceedings themselves, to the trial court's actions or pronouncements, or to his resulting guilty plea.  Indeed, the record shows that Jennings participated voluntarily and willingly in the proceedings and that he entered his guilty plea knowingly, willingly, and voluntarily.  He now contends that he was intimidated by the prospect of the trial court's imposing the five-year sentence that had been suspended on April 19, 1999 and that he believed objection to the proceedings would have worked to his disadvantage.  He asks that we invoke the ends of justice exception to the operation of Rule 5A:18.

Invocation of the ends of justice exception to Rule 5A:18 requires the identification of an actual miscarriage of justice.  See Phoung v. Commonwealth, 15 Va. App. 457, 464, 424 S.E.2d 712, 716 (1992).  No miscarriage of justice has been shown here.

-

The prospect of the imposition of the April 19, 1999 sentence was no more than Jennings deserved. He does not contest the sufficiency of the evidence to support the revocation of the suspension of that sentence. He was not entitled to have the suspension continued.

Jennings was represented by counsel in negotiating a plea agreement with respect to the possession of cocaine with intent to distribute charge and the rule. The record discloses no participation by the trial court in the negotiation of that agreement. While the trial court stated its position forcefully, its statement was no more than an assurance that it would accept and abide by the parties' agreement. It did no more than state that if Jennings declined to proceed with the agreement, it would proceed in a legally regular manner to dispose of the charges before it. This was not coercion.

Jennings cannot approbate and reprobate. He will not be heard on appeal to complain that the trial court followed the course that he asked.

The judgment of the trial court is affirmed.

Affirmed.

-